IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FREDERICK SMITH                                                                  PLAINTIFF

v.                                        No. 3:16-cv-10-DPM

RICK G. McKELVEY, Officer; and
ARKANSAS STATE POLICE DEPARTMENT                               DEFENDANTS

ORDER

1. Smith's motion to proceed *in forma pauperis*, № 1, is granted. The Court doesn't understand the end of his motion papers, but he is indigent and can't afford to pay the filing fee.

2. The Court must screen Smith's complaint before ordering service. 28 U.S.C. § 1915(e)(2). This is Smith's second attempt to sue McKevlvey, the Arkansas State Police, and others because Smith was put into the NCIC database. No. 3:13-cv-50-JLH. It appears that the events Smith complains about happened in 2009. No. 3:13-cv-50-JLH, *№ 56 at 3*. If so, Smith's three-year statute of limitations ran in 2012 and his claims under § 1981, § 1983, and § 1985 are time barred. *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007); *Martin v. Georgia-Pacific Corporation*, 568 F.2d 58, 62–63 (8th Cir. 1977). Smith also says McKelvey violated several criminal statutes. *№ 2 at 7*. In general,

though, criminal statutes don't create private causes of action. *E.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

3. Putting these apparent problems aside, Smith's complaint has a fatal flaw. He has sued the State Police and McKelvey in his official capacity as a State Police Officer, № 2 at 5. As Smith pleads, the State Police is an arm of Arkansas. Smith's suit against McKelvey also runs against Arkansas. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Smith seeks only money damages. № 2 at 5 & 13. The Eleventh Amendment protects States against that relief. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). Therefore, Smith's complaint must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

3 February 2016